IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BARBIE BASSETT**                                                                                          **PLAINTIFF**

VS.                                                              CAUSE NO.   3:23-cv-3154-DPJ-FKB

**GRAY MEDIA GROUP, INC.,**
**d/b/a WLBT-TV**                                                                                        **DEFENDANT**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for discrimination based upon race and to recover actual and liquidated damages for discrimination based upon age. The action is also to declare Plaintiff's noncompete to be void and unenforceable. The following facts support the action:

1.

Plaintiff BARBIE BASSETT is an adult resident citizen of 117 Northlake Drive, Madison, Mississippi 39110.

2.

Defendant GRAY MEDIA GROUP, INC., d/b/a WLBT-TV, is a Delaware corporation doing business in the State of Mississippi. Defendant may be served with process by service upon its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Defendant is engaged in the media business.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under the Civil Rights Act of 1964 for race and sex discrimination, for a cause of action of age discrimination arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*., and a cause of action under 42 U.S.C. § 1981, to address claims of race discrimination.

4.

Defendant hired Plaintiff as a female news reporter/anchor in 1999. On October 4, 2021, Plaintiff signed a formal employment agreement. *See* News Personnel Employment Agreement, attached hereto as Exhibit "A." Thereafter, Plaintiff worked successfully in various capacities until October 2022.

5.

On October 28, 2022, Plaintiff used the word "grandmammie" in an exchange with a coworker. Defendant pointed out to Plaintiff that the word "grandmammie" could have a racial connotation. Plaintiff did not believe the word "grandmammie" had a racial connotation but, nevertheless, apologized for using the term. Defendant, however, was apparently anxious to be rid of Plaintiff and gave Plaintiff a disciplinary notice because she used the term. *See* Disciplinary Notice, attached hereto as Exhibit "B."

6.

On March 8, 2023, Plaintiff was talking with a male news person about a popular personality, Snoop Dogg, and made the statement "fo shizzle, my nizzle." Defendant claimed that this comment was inappropriate.

7.

On March 14, 2023, Defendant terminated Plaintiff's employment.

8.

Plaintiff is a white female and is fifty-one (51) years old. Plaintiff was replaced by an African-American female in her early thirties.

9.

Plaintiff believes the television market in which she worked is primarily African-American. It is likely that Defendant regards being African-American and being young as desirable job requirements, and it is likely Defendant regards being older (fifty-one (51)) and white as job detriments.

10.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "C," and received the right to sue letter, attached hereto as Exhibit "D." The allegations in the EEOC charge are incorporated herein by reference.

11.

Plaintiff was discharged based upon her race in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq*., and in violation of 42 U.S.C. § 1981.

12.

Plaintiff was discharged because she was an older female in violation of the Age Discrimination in Employment Act and in violation of Title VII of the Civil Rights Act of 1964.

13.

Plaintiff has suffered mental anxiety and stress and lost income as a result of Defendant's actions. Additionally, Defendant's discharging Plaintiff is outrageous, such that punitive damages are due. Any discrimination based upon age was willful since the Age Discrimination in Employment Act is well known to Defendant.

14.

Defendant's treatment of Plaintiff is especially outrageous because it required her to execute an unreasonable noncompete agreement, which substantially hinders her finding employment in her chosen career.

15.

This noncompete agreement is unenforceable because Plaintiff's discharge was without cause. Defendant's attempt to enforce the noncompete is another outrageous act by Defendant. Plaintiff asks this Court to declare the noncompete agreement void.

**REQUEST FOR RELIEF**

Plaintiff requests actual, punitive, and liquidated damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees and costs. Plaintiff also requests that the noncompete agreement be declared void.

RESPECTFULLY SUBMITTED, this the 13th day of December, 2023.

        BARBIE BASSETT, Plaintiff

By:   */s/ JIM WAIDE*
     Jim Waide, MS Bar No. 6857
     waide@waidelaw.com
     Rachel Waide Pierce, MS Bar No. 100420
     rpierce@waidelaw.com
     WAIDE & ASSOCIATES, P.A.
     332 North Spring Street
     Tupelo, MS 38804-3955
     Post Office Box 1357
     Tupelo, MS 38802-1357
     (662) 842-7324 / Telephone
     (662) 842-8056 / Facsimile

     ATTORNEYS FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF Rankin

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named BARBIE BASSETT, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
BARBIE BASSETT

GIVEN under my hand and official seal of office on this the 12th day of December, 2023.

_____
NOTARY PUBLIC

My Commission Expires: 11/5/24

(SEAL)
STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 259412
JANET HOWARD
Commission Expires
Nov. 5, 2024
RANKIN COUNTY