# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**BARBIE BASSETT**                                                                     **PLAINTIFF**

**v.**                                                    **CASE NO. 3:23-cv-3154-DBJ-fkb**

**GREY MEDIA GROUP, INC.**                                     **DEFENDANT**

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Grey Media Group, Inc. ("Defendant"), by and through undersigned counsel submits its affirmative defenses and answer to Plaintiff Barbie Bassett's Complaint ("Plaintiff").

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged cause(s) of action, as well as to the entire Complaint. Insofar as any of the following express denial of an element of the claims, or any of them, alleged against the Defendant, such expression is in no way intended as a concession that Plaintiff is relieved of her burden to prove each and every element of any such claim. Defendant does not assume the burden of a defense asserted that is adjudged not to be an affirmative defense

## FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted against Defendant.

## SECOND DEFENSE

Some or all of Plaintiff's claims are barred by her failure to reasonably mitigate her damages, if any.

## THIRD DEFENSE

All or a portion of the Plaintiff's claims are barred by her failure to timely exhaust available internal or external administrative remedies.

## FOURTH DEFENSE

The Defendant's actions towards Plaintiff were taken in good faith and for legitimate, non-discriminatory reasons.

## FIFTH DEFENSE

Plaintiff's damages, if any, are barred because the alleged conduct of Defendant was not the proximate cause of her alleged damages.

## SIXTH DEFENSE

Some or all of Plaintiff's claims are barred by the after-acquired evidence doctrine.

## SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred by applicable statutes of limitation.

## EIGHTH DEFENSE

Some or all of Plaintiff's damage claims are barred since Defendant cannot be liable for acts of its employees committed outside the scope of their employment or acts in violation of its policies and procedures. The conduct complained of by Plaintiff is contrary to Defendant's policies.

## NINTH DEFENSE

The Defendant's policies prohibit unlawful discrimination, and it has a procedure for the resolution of complaints alleging discrimination.

## TENTH DEFENSE

Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, and non-pretextual business reasons unrelated to race or age.

## ELEVENTH DEFENSE

Plaintiff's claims for punitive damages under Title VII fails because Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights within the meaning of 42 U.S.C. § 1981a(b)(1).

## TWELFTH DEFENSE

Plaintiff's claim for punitive damages is barred because she cannot prove by clear and convincing evidence that Defendant's actions were extreme and outrageous and/or malicious.

## THIRTEENTH DEFENSE

Plaintiff's claim for punitive damages is in violation of Mississippi law, as well as the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

## FOURTEENTH DEFENSE

To the extent Plaintiff proves that a protected factor was a substantial motivating factor in any employment decision, which Defendant denies, Defendant will show that the same decision would have been reached regardless of the protected factor.

## FIFTEENTH DEFENSE

The Plaintiff's claims must fail to the extent that they are barred by the doctrines of waiver, unclean hands, laches, or estoppel.

## SIXTEENTH DEFENSE

Defendant avers that Plaintiff's damages, if any, resulted from her own conduct or from an unreasonable failure to avoid the complained of harm.

## SEVENTEENTH DEFENSE

Any claims for emotional distress or mental injury allegedly resulting from Plaintiff's employment are barred by the exclusivity provisions of Mississippi Workers' Compensation Act.

## EIGHTEENTH DEFENSE

Plaintiff's claims are, or may be, barred by the same actor and/or the same decision-maker defense.

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

## ANSWER

**AND NOW**, having asserted its affirmative defenses, and in the event said defenses are not dispositive of this action, Defendant answers the allegations of the Complaint as follows:

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint upon information and belief.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that jurisdiction is proper in this Court. Defendant denies that Plaintiff is entitled to any relief whatsoever.

4. Defendant admits that it hired Plaintiff in 1999 and that she signed an employment agreement with Defendant on October 4, 2021. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff used the term quoted and further admits that it specifically admonished and disciplined Plaintiff for using the term on live television as it is an offensive term. Defendant denies that it was "anxious to be rid of Plaintiff" and further denies all remaining allegations contained in Paragraph 5.

6. Defendant admits the allegations contained in Paragraph 6, and further states that Plaintiff used the term—a derivative of the n-word—while on live television.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 contains a statement of Plaintiff's belief, and Plaintiff's own supposition, which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the allegations contained in Paragraph 9.

10. Defendant admits that Plaintiff purports to have attached an EEOC charge filed by her as Exhibit "C" to her Complaint and further admits that Plaintiff purports to have attached her right to sue letter as Exhibit "D" to her Complaint. To the extent Plaintiff incorporates the allegations set forth in her EEOC charge into this paragraph, those allegations are denied.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 and further denies that Plaintiff is entitled to any relief whatsoever.

14. Defendant admits that Plaintiff voluntarily signed a valid and enforceable non-compete agreement. Defendant denies all remaining allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15, and further denies that Plaintiff is entitled to any declaratory relief.

16. Defendant denies all allegations contained in the Paragraph following the heading "Request for Relief" and specifically denies that Plaintiff is entitled to any relief whatsoever.

17. Any allegations contained in Plaintiff's Complaint which have not been previously admitted or denied are hereby denied.

DATED: January 29, 2024.

Respectfully submitted,

 /s/ M. Kimberly Hodges
M. Kimberly Hodges (MS Bar No. 100276)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
International Place Tower II
6410 Poplar Avenue, Suite 300
Memphis, Tennessee  38119
Telephone:  (901) 766-4306
Facsimile:  (901) 767-7411
Email: kim.hodges@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of January, 2024, a true and correct copy of the foregoing was electronically submitted via the Court's ECF filing system, to be served by operation of the Court's electronic filing system upon the counsel of record for Plaintiff:

>Jim Waide (MSB #6857)
>WAIDE & ASSOCIATES, P.A.
>332 North Spring Street
>P.O. Box 1357
>Tupelo, MS 388804-3955
>662.842.7324 – Telephone
>662.842.8056 – Facsimile
>waide@waidelaw.com
>
>*Attorneys for Plaintiff*

*/s/ M. Kimberly Hodges*
M. Kimberly Hodges (MSB #100276)
*Counsel for Defendant*